The opinion of the court was delivered by
Tieghman, C. J.
This action was brought by the Somerset and Mount Pleasant turnpike road company, against Alexander Oglef for the recovery of the money subscribed by the defendant on the books of the said company. It appears on the record, that the defendant did not pay the sum of five dollars on each share of stock, directed to be paid at the time of subscribing, by the act of assembly-incorporating this company. In consequence of this omission, the subscription was void, as was decided by this court, in the case of the Hibernia Turnpike Road Company v. Henderson, 8 Serg. & Rawle, 219. The plaintiff in the present action, obtained judgment against the defendant in the Court of Common Pleas, once ■ before, whieh judgment was reversed in this court, and the record sent back to the Common Pleas, with an order for a venire facias de novo. In pursuance of this order, the cause was tried a second time; and a verdict and judgment having again been given for the plaintiffs the cause has been once more brought before us by a writ of error. The plaintiffs now rely on an act of assembly passed the 1st of tApril, 1S23, which was after the reversal of the first judgment, and before the second trial in the Court of Common Pleas., By this act, entitled “An act relative to Turnpike Roads and Bridge Companies,” it is enacted, “that so much of the several acts of assembly for the incorporation of turnpike and bridge companies, as required a certain sum to be paid by the subscribers of 'Stock, to the attending commissioners, previous to, or at the time of subscribing, be and the same is repealed, so far as relates to turnpike and bridge companies already incorporated, or subscriptions already taken; and that the respective companies shall have the same legal remedy for the recovery of the amount of the subscriptions to their companies, as if such provision, requiring the payment of a certain sum, for each share of stock sub *257 scribed, had not been required in the acts aforesaid. ” When the plaintiffs commenced their suit, they had no right of action. This was well known to the defendant, who resisted their demand, relying with perfect confidence, on the law of the land. In this confidence, he went to the expense of a writ of error, by which he reversed the plaintiffs first judgment; and obtained an order for a new trial. But before the trial could be had, the act of assembly was passed, which is now brought forward in support of the action. Now, can it be supposed, that the legislature intended by an ex post facto operation, to punish a man for doing that which was lawful to do at the time it was done? If the plaintiffs succeed, then the whole costs of the suit will be thrown on the defendant. Nothing short of clear and positive expressions, could induce the court to give a construction to an act of assembly, which would work such injustice. But this act contains no such clear expressions. On the contrary, the words may be satisfied without retrospective operation. When it is said, that the turnpike companies shall have the same legal remedy, as if the repealed acts had never been passed, it is to be understood that the remedy is to be in future, by an action commenced after the passing of the law. This surely is giving sufficient effect to the act, and all the effect which it can reasonably be supposed the legislature intended. It is not a new case, we have had occasion to consider the construction of acts of assembly passed duringthe pendency of an action, on several occasions. And the rule has been, that where civil rights are affected, the act shall be confined to a prospective operation. Instead of walking again, over the same beaten ground, I will refer to the case of Bedford V. Shilling, decided in the year 1818, at Pittsburg, (4 Serg. & Rawle, 401.) The subject Was then well considered, and it was the unanimous and decided opinion of the court, that an ex post facto construction Was not to be supported. The report of this case had been published between one and two years before the making of the act under consideration, and it must be presumed, that the legislature was well acquainted with the rule of construction adopted by the courts of justice. In conformity to that rule, this act is to be construed so as not to affect the present action, which was pending at the time it was passed. I am of opinion thereforfe, that the judgment of the Court of Common Pleas should be reversed.
Judgment reversed.